Dear Mr. Skinner:
Your opinion request on behalf of the Vernon Parish School Board has been forwarded to me for research and reply. You state that the Vernon Parish School Board previously advertised to fill certain positions, namely, supervisor, director, and principal positions. You want to know if the Vernon Parish School Board is required to advertise for these positions prior to making an appointment and if an individual holding the position can be rehired for the same position even after a one day retirement.
It is the opinion of this office that there is no state law which requires a parish school board to advertise for positions sought to be filled. See Atty. Gen. Op. Nos. 03-0083, 96-349, 81-0551, and 78-1309.
As it relates to parish school boards, the pertinent statutory provisions governing the hiring of supervisors, directors, teachers, etc. are found in Title 17 of the Louisiana Revised Statutes. Specifically, La. R.S. 17:84 provides in pertinent part that:
 The parish school boards may appoint such assistant superintendents, supervisors, stenographers, bookkeepers as may be needed, and such attendance officers, medical directors, and other appointees as may be necessary for the proper and efficient conduct of the schools; they may also fix their salaries and prescribe their duties.
(Emphasis added.) *Page 2 
La. R.S. 17:81 states in pertinent part that:
 A. (1) Each city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed, and select teachers and all other certified personnel from recommendations made by the city or parish superintendent as required by this Subsection. The boards shall have authority to employ teachers by the month or by the year, and to fix their salaries; provided that there shall be no discrimination as to sex in the fixing thereof and provided further that it is not the purpose of this Section to require or direct the reduction of any salary, or salary schedule, presently in force. The boards shall see that the provisions of the state school law are complied with.
 (2) Each city and parish school board shall select teachers and all other certified personnel from recommendations made by the city or parish superintendent regarding the hiring and placement of all personnel for which state certification is required. It shall be the responsibility of the superintendent to ensure that all persons recommended have proper certification and are qualified for the position. Nothing shall prevent a school board from rejecting the recommendations made by the superintendent and requiring the superintendent to submit additional recommendations.
 . . . .
 (4) Any policies and procedures adopted by a city or parish school board pursuant to the provisions of this Subsection shall be in accordance with all laws, all state rules, regulations, and policies relative to certification of teachers and other personnel, and any court order or restrictions relative to desegregation.
 . . . .
 C. Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
(Emphasis added.)
As seen from the statutory language cited above, La. R.S. 17:84
provides parish school boards with the discretion to select and employ personnel as it deems Mr. Asa A. Skinner *Page 3 
necessary for the proper and efficient operation of its schools. Similarly, La. R.S. 17:81 provides parish school boards with the authority to select teachers and other certified personnel from recommendations made by the city or parish superintendent. La. R.S.17:81(C) also permits school boards to adopt their own rules and regulations as it deems proper in order to carry out governmental functions, provided the polices are not inconsistent with the law or with the regulations of the State Board of Elementary and Secondary Education. Thus, La. R.S. 17:81(C) would provide a parish school board with the authority to adopt rules regarding the selection of individuals to fill vacant positions, including adopting an advertising requirement.
This office has found no state law requiring a parish school board to advertise, internally or externally, for positions it is attempting to fill. Additionally, we have found no State Board of Elementary of Secondary Education rule requiring advertisement of vacant positions in the situation you describe. See Atty. Gen. Op. Nos. 03-0083, 81-551 and 96-349. La. R.S. 17:81 and La. R.S. 17:84 give parish school boards great discretion with regard to filling positions, and there is no express prohibition regarding the hiring of recently retired individuals.[1]
The Vernon Parish School Board can establish its own policy governing the procedure to be followed when filling vacant positions, including the advertisement of these positions. If the Vernon Parish School Board has passed a resolution requiring the advertisement of all vacant positions in its school system, then the vacancy would require advertisement. In the absence of a local policy, contractual obligation or a federal desegregation decree requiring the advertisement of the vacant position, it is the opinion of this office that the Vernon Parish School Board may, pursuant to the grant of authority in La. R.S. 17:81
and 17:84, fill a vacant position without prior advertisement. *Page 4 
I hope this opinion sufficiently answers your inquiry. If I can be of further assistance to you, feel free to contact me.
 With Best Regards,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:______________________
 Angelique Duhon Freel
 Assistant Attorney General
 CCF, JR:ADF
[1] The rehiring of a retired employee could potentially affect the employees' eligibility for certain benefits, including but not limited to participation in retirement systems; however, this issue is not before us at this time nor is it relevant to the issue presented for our consideration.